IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AARON D. GRIMSLEY, #S09620, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-00534-NJR |
| WEXFORD HEALTH SOURCE, SHAW, LORIE CUNNINGHAM, STOVER, and LYNN PITTMAN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Aaron D. Grimsley, an inmate of the Illinois Department of Corrections currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Lawrence Correctional Center ("Lawrence"). He asserts claims under the Eighth and Fourteenth Amendments for deficient medical care. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was an inmate at Lawrence from May 2018 to April 2019. (Doc. 1, p. 6). During that time, he suffered from a severe ear infection that caused bleeding, wax buildup, hearing issues, burning sensations, and green drainage. (*Id.*). He sought proper medical treatment from Wexford Health Source, Health Administrator Lorie Cunningham, Nurse Practitioner Stove,[1] Dr. Shaw, and Dr. Lynn Pittman. He was prescribed antibiotics for nearly a year that did work and caused issues with his internal organs. Each defendant chose to blatantly ignore and disregard his pleas for proper medical care.

On December 1, 2018, Plaintiff saw Dr. Shaw and was told his ear was fine—even though it was draining green fluid and smelled bad. On January 7, 2019, Nurse Practitioner Stove saw his ear draining green fluid. On January 20, 2019, his ear was bleeding, and a C/O arranged for him to be seen at the Health Care Unit ("HCU"). On January 21, 2019, Dr. Shaw ordered a culture but was dismissive and refused to look in Plaintiff's ear to determine why it is was bleeding.

Based on the allegations in the Complaint, the Court finds it convenient to divide this action into the following counts:

> **Count 1:** Eighth Amendment claim against Defendants for deliberate indifference to a serious medical need by denying Plaintiff proper medical care for an ear infection.
>
> **Count 2:** Fourteenth Amendment "discrimination-equal protection" claim against Defendants.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed**

---

[1] Plaintiff refers to the Nurse Practitioner by the name "Stover" and "Stove" at various places in the Complaint. A document attached to the Complaint is signed by "S. Stove, NP-C."

**in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

## Discussion

For the reasons explained below, the Complaint does not survive preliminary review under 28 U.S.C. § 1915A and will be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. The plaintiff is also required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2). Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Allegations made collectively against a group of defendants fails to comply with Rule 8. Further, threadbare, conclusory allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

*Count 1*

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017).

Plaintiff's claim against Defendants Shaw, Stove, Pittman, and Cunningham fails on the second element. Although the Complaint suggests that Plaintiff did not receive proper medical treatment for an ear infection, it does not include allegations sufficient to establish that the individual Defendants failed to appropriately treat Plaintiff's medical condition and acted with the requisite state of mind regarding his medical care. Plaintiff provides the dates of two visits with Dr. Shaw and one with Nurse Practitioner Stove and minimal information on what transpired during those visits. Apart from that limited information, the Complaint contains conclusory and collective allegations against Defendants. Additionally, the Complaint does not provide information as to any health care visit(s) for Plaintiff's ear infection with Dr. Pittman or any specific involvement in the medical treatment of his ear infection by Lorie Cunningham.

The claim against Wexford also fails. When a private corporation has contracted to provide essential government services, such as health care for inmates, the corporation can be held liable under Section 1983 if the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Here, Plaintiff has not alleged an unconstitutional policy or custom resulted in delay or denial of medical treatment. Further, Wexford is not subject to respondent superior liability under Section 1983. *Shields*, 746 F.3d at 789.

For the reasons stated above, Count 1 fails to state a deliberate indifference claim against the Defendants and will be **DISMISSED** without prejudice.

*Count 2*

Plaintiff references a Fourteenth Amendment "discrimination-equal protection" claim, but makes no allegations in support of that claim. Threadbare, conclusory allegations are insufficient

to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Count 2 is, therefore, **DISMISSED** without prejudice.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff discloses no efforts to locate counsel on his own. He also cites no impediments to self-representation, other than a lack of knowledge of the law. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. The Court finds that Plaintiff appears capable of litigating this matter *pro se* at this time. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff may renew his request for counsel at any time during the pending action. If Plaintiff does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own. He should also provide the Court with reasons as to why he believes he is unable to represent himself.

### Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief

may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice and the Motion for Status (Doc. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **October 3, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended

Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00493-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 29, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**